**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **KENODA D. BURRELL, as an individual,** | § | **COMPLAINT FOR DAMAGES and** |
| | § | **DEMAND FOR JURY TRIAL** |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | **CIVIL ACTION NO. _____** |
| **REALPAGE, INC., A FOREIGN** | § | |
| **CORPORATION REGISTERED TO DO** | § | |
| **BUSINESS IN THE STATE OF TEXAS;** | § | |
| **and DOES 1-10 INCLUSIVE,** | § | |
| | § | |
| **Defendants,** | § | |

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

Plaintiff KENODA D. BURRELL ("**Plaintiff**") files her Complaint for Damages and Demand for a Jury Trial against Defendants REALPAGE, INC., and DOES 1-10 inclusive (hereinafter collectively as "**Defendants**"), and alleges as follows:

**NATURE OF THE ACTION**

1.      Defendant is a tenant screening company that furnishes tenant screening reports to prospective landlords.  Its reports include information related to an applicant's credit history, eviction history and criminal history.

2.      On February 14, 2006, Plaintiff was found guilty of Traffic Control Signal.

3.      On or about April 2021, Plaintiff submitted an application with the landlord Hamilton House.

4.      In connection with Plaintiff's housing application, Hamilton House procured a background screening report on Plaintiff from Defendant.

5.      Defendant disclosed incorrect criminal information on the background screening report.

6.      Specifically, Defendant erroneously disclosed Plaintiff had a charge for Misdemeanor Drug Manufacturing/Distribution. Plaintiff has never been charged or convicted of any drug related offense.

7.      Defendant also placed a thumbs down symbol next to Misdemeanor Drug Manufacturing/Distribution. As a result, Hamilton House denied Plaintiff housing.

8.      Under the Fair Credit Reporting Act ("**FCRA**" 15 USC § 1681 *et seq.*) § 1681(e)(b), Defendant was required to use reasonable procedures to ensure the *maximum possible accuracy* of the information reported. Categorizing a traffic charge as a drug related charge is a clear violation of this statute.

9.      There have been numerous federal enforcement actions as well as civil actions related to background screening company's disclosing incorrect information.

10.     Moreover, Defendant purchased public records information pertaining to criminal history instead of retrieving the actual underlying court records themselves for the purpose of creating and selling consumer reports to third party landlords and rental property managers.

11.     Defendant did not have defined processes to verify the accuracy of the public records information provided.

12.     As a direct result of Defendant's failure to verify public records, Plaintiff was denied housing.

13.     Plaintiff suffered, and continues to suffer actual damages and emotional distress as a result of being denied housing.

14.     Accordingly, Plaintiff seeks recovery for her actual damages, including denial of housing, emotional distress, and damage to her reputation.  Moreover, Plaintiff seeks statutory penalties, punitive damages, as well as attorney's fees and costs.

## THE PARTIES

15.     Plaintiff is an individual and resident of the County of Cuyahoga, Beachwood, Ohio.

16.     Defendant is an investigative consumer reporting agency within the meaning of the FCRA (15 U.S. Code § 1681 *et seq.*) 15 U.S. Code § 1681(a)(f) and it is a routine seller of investigative consumer reports within the meaning of 15 U.S. Code § 1681e.

17.     RealPage, Inc., is a foreign company registered to do business in Texas with the Texas Secretary of State. Defendant is subject to the jurisdiction of this Court and may be served with process by serving its registered agent, CT Corporation System.

18.     Plaintiff is ignorant of the Defendants sued herein as DOES 1-10, inclusive, and therefore sues those Defendants by such capacities when such information is ascertained through discovery.

19.     Plaintiff is informed and believes and thereon alleges that each of the DOES 1-10 Defendants is responsible in some manner for the occurrences herein alleged and that Plaintiff's damages as herein alleged were proximately caused by such occurrences.

20.     Plaintiff is informed and believes and thereon alleges that, at all times herein mentioned, Defendants DOES 1-10, were principals or agents of each other and of the named Defendants and in doing the things alleged in this complaint, were acting in the scope of such agency and with the permission and consent of Defendants.

## FIRST CAUSE OF ACTION
### (Violation of 15 USC § 1681(e)(b) against Defendant and DOES 1-10)

21.     Plaintiff hereby incorporates by reference the allegations of each and every paragraph above.

22.     Defendant willfully and/or recklessly violated the above-referenced sections of the FCRA by disclosing erroneous information.

23.     Defendant's conduct was willful and/or reckless because it knew that its categorization of a traffic charge as a drug related charge is insufficient to assure maximum possible accuracy of the criminal history information reported.

24.     Plaintiff is informed, and believes, and thereon alleges that Defendant failed to sufficiently conduct audits, reviews, or quality control of the information it reported.

25.     Alternatively, Plaintiff alleges that Defendant's violations were negligent.

## SECOND CAUSE OF ACTION
### (Violation of 15 USC § 1681g against Defendant and DOES 1-10)

26.     Plaintiff hereby incorporates by reference the allegations of each and every paragraph above.

27.     Defendant willfully and/or recklessly violated the above referenced sections of the FCRA failing to provide Plaintiff with her full file.  Specifically, Defendant failed to provide Plaintiff with a copy of the portion of the background report adjudicating her as disqualified due to drug related criminal history.

28.     Defendant's conduct was willful and/or reckless because it knew that its production of the full consumer report would result in meritorious litigation.

29.     Alternatively, Plaintiff alleges that Defendant's violations were negligent.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

a.     For a declaration that Defendants' practices violate FCRA;

b.  For statutory, compensatory, special, general, and punitive damages according to proof and as applicable against all Defendants;

c.  For interest upon such damages as permitted by law;

d.  For an award of reasonable attorneys' fees provided by law under all applicable statutes;

e.  For the costs of the lawsuit;

f.  For injunctive relief as applicable; and

g.  For such other orders of the Court and further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby requests and demands a jury trial on all issues triable by jury.

DATED:  March 29, 2023           Respectfully submitted,

/s/  James Crewse
James Crewse
Texas Bar No. 24045722
**CREWSE LAW FIRM, PLLC**
5919 Vanderbilt Ave.
Dallas, TX 75206
Phone:  (214) 394-2856
Email:  jcrewse@crewselawfirm.com

***Local Counsel***

*- and -*

Devin H. Fok (*Pro Hac Vice Motion forthcoming*)
California Bar No. 256599
**DHF LAW, P.C.**
2304 Huntington Dr., Suite 210
San Marino, CA 91108
Phone:  (888) 651-6411
Fax:  (818) 484-2023
devin@devinfoklaw.com

***Lead Counsel for Plaintiff***