IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| KENODA D. BURRELL,<br><br>  Plaintiff,<br><br>v.<br><br>REALPAGE, INC., and DOES 1-10 INCLUSIVE,<br><br>  Defendants. | §<br>§<br>§<br>§    Case No. 3:23-cv-00671-M<br>§<br>§<br>§ |

**DEFENDANT RP ON-SITE LLC'S ANSWER
AND DEFENSES TO PLAINTIFF'S COMPLAINT**

COMES NOW, RP On-Site LLC ("On-Site"), incorrectly identified by Plaintiff as "RealPage, Inc.," by and through its counsel of record, and files its Answer and Defenses to Plaintiff's Complaint ("Complaint") filed by the Plaintiff Kenoda D. Burrell ("Plaintiff"). The paragraph numbers below correspond to the paragraphs contained in the Complaint to the extent possible.

**NATURE OF THE ACTION**

1. On-Site admits that it assembles consumer information for the purpose of furnishing consumer reports to third parties. On-Site denies the remaining allegations contained in paragraph 1 of the Complaint.

2. On-Site is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint and, therefore, denies same.

3. On-Site admits that Plaintiff submitted an application to Hamilton House. On-Site denies the remaining allegations contained in paragraph 3 of the Complaint.

4. On-Site admits that Hamilton House used On-Site's software to generate a rental report for Plaintiff. On-Site denies the remaining allegations contained in paragraph 4 of the Complaint.

5. On-Site denies the allegations contained in paragraph 5 of the Complaint.

6. On-Site denies the allegations contained in paragraph 6 of the Complaint.

7. On-Site denies the allegations contained in paragraph 7 of the Complaint.

8. The provisions of the FCRA are self-evident and speak for themselves. On-Site denies the allegations contained in paragraph 8 of the Complaint.

9. Because of the vague and generalized nature of the allegations, On-Site is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint and, therefore, denies same.

10. Because of the vague and generalized nature of the allegations, On-Site is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint and, therefore, denies same.

11. On-Site denies the allegations contained in paragraph 11 of the Complaint.

12. On-Site denies the allegations contained in paragraph 12 of the Complaint.

13. On-Site denies the allegations contained in paragraph 13 of the Complaint.

14. On-Site denies the allegations contained in paragraph 14 of the Complaint.

## THE PARTIES

15. On-Site is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Complaint and, therefore, denies same.

16. On-Site admits that part of one of its businesses is a "consumer reporting agency" as defined in 15 U.S.C. § 1681a(f). On-Site also admits that it sells consumer reports pursuant to contracts and agreements with subscribers. On-Site denies the remaining allegations contained in paragraph 16 of the Complaint.

17. On-Site admits that it is authorized to conduct business within the State of Texas. On-Site also admits that jurisdiction is proper in this Court. On-Site further admits that its registered agent is CT Corporation System.

18. On-Site is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Complaint and, therefore, denies same.

19. On-Site is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Complaint and, therefore, denies same.

20. On-Site is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Complaint and, therefore, denies same.

## FIRST CAUSE OF ACTION

21. On-Site restates and incorporates its responses to paragraphs 1 through 20 above as though fully stated herein.

22. On-Site denies the allegations contained in paragraph 22 of the Complaint.

23. On-Site denies the allegations contained in paragraph 23 of the Complaint.

24. On-Site denies the allegations contained in paragraph 24 of the Complaint.

25. On-Site denies the allegations contained in paragraph 25 of the Complaint.

## SECOND CAUSE OF ACTION

26. On-Site restates and incorporates its responses to paragraphs 1 through 25 above as though fully stated herein.

27. On-Site denies the allegations contained in paragraph 27 of the Complaint.

28. On-Site denies the allegations contained in paragraph 28 of the Complaint.

29. On-Site denies the allegations contained in paragraph 29 of the Complaint.

## PRAYER FOR RELIEF

On-Site denies the allegations contained in the Prayer for Relief paragraph of the Complaint, including all subparts.

## DEMAND FOR JURY TRIAL

On-Site admits that Plaintiff demands a jury trial.

## **DEFENSES**

30. At all relevant times, On-Site maintained and followed reasonable procedures to avoid violations of the FCRA and assure maximum possible accuracy of the information concerning Plaintiff in preparing consumer reports related to Plaintiff.

31. Any alleged damages to Plaintiff, which On-Site continues to deny, are the result of the acts or omissions of Plaintiff or others, over whom On-Site has no control and for whom On-Site has no responsibility.

32. On-Site, in compliance with the FCRA, reasonably and completely reinvestigated and verified, updated, or removed all information disputed by Plaintiff.

33. On-Site at all times acted in compliance with the FCRA.

34. Plaintiff failed to mitigate her alleged damages.

35. Any alleged damages to Plaintiff, which On-Site continues to deny, were caused in whole or in part by an intervening or superseding cause.

WHEREFORE, PREMISES CONSIDERED, Defendant RP On-Site LLC, respectfully requests that this Honorable Court deny the relief requested in Plaintiff's Complaint, dismiss the action in its entirety, grant On-Site its costs of suit and expenses incurred herein, including reasonable attorneys' fees, and for such other and further relief as the Court deems just.

Respectfully submitted,

*/s/ Jibril Greene*

**JIBRIL GREENE**
jgreene@qslwm.com
Texas Bar No. 24093774
**QUILLING, SELANDER, LOWNDS, WINSLETT & MOSER, P.C.**
6900 N. Dallas Parkway, Suite 800
Plano, TX 75024
(214) 560-5465
(214) 871-2111 Fax
*Counsel for RP On-Site LLC*

## CERTIFICATE OF SERVICE

      I hereby certify that on the 22nd day of May 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Devin Heng Fok
devin@devinfoklaw.com
DHF Law PC
2304 Huntington Drive, Suite 210
San Marino, CA 91108
(888) 651-6411
(818) 484-2023 Fax
and
James O. Crewse
jcrewse@crewselawfirm.com
Crewse Law Firm PLLC
5546 Goodwin Avenue
Dallas, TX 75206
(214) 394-2856
(253) 252-8776 Fax
***Counsel for Plaintiff***

                                  */s/ Jibril Greene*
                                  **JIBRIL GREENE**

6

6282040.2